# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| FUBON INSURANCE CO., LTD. ) | | |
| CATHAY CENTURY INSURANCE ) | | |
| CO., LTD. and SOUTH CHINA ) | | |
| INSURANCE CO., LTD. as Subrogee ) | | |
| of Acer America Corp., ) | | |
| ) | | |
| Plaintiffs, ) | | Case No. 13 C 4851 |
| ) | | |
| v. ) | | Judge Joan H. Lefkow |
| ) | | |
| TRAVELERS TRANSPORTATION ) | | |
| SERVICES, INC. and SCHENKER ) | | |
| LOGISTICS, INC., ) | | |
| ) | | |
| Defendants. ) | | |

## OPINION AND ORDER

When Travelers Transportation Services, Inc. ("Travelers") failed to deliver goods insured by Fubon Insurance Co. ("Fubon"), Fubon paid the claim and then filed suit against Travelers for that failure. Travelers has moved for summary judgment on a narrow issue: whether the shipment at issue was covered by an alleged $2.00 CAD per pound limited liability clause. (Dkt. 33.) Travelers' motion for summary judgment is denied.[1]

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson* v. *Liberty Lobby, Inc*., 477 U.S. 242,

---

[1] *The court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337(a), as this case is governed by the Carmack Amendment, 49 U.S.C. § 14706, and the amount in controversy exceeds $10,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. § 1391.*

248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott* v. *Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000).

## BACKGROUND[2]

**I. The Shipment**

Acer America Corp ("Acer") manufactured the computer equipment ("the Cargo") at issue in this case. They obtained insurance from Fubon and arranged to ship the Cargo with Schenker Logistics[3] ("Schenker"), an authorized carrier of goods, from Joliet, Illinois to Brampton, Ontario. On June 24, 2011, Schenker issued a delivery order to Travelers, which agreed to handle the actual shipment. On June 30, 2011, Travelers signed the Straight Bill of Lading-Short Form issued by Acer, which did not contain a declared value of the shipment. Travelers does not allege that it issued its own receipt or bill of lading prior to moving the shipment. The delivery was scheduled for July 8, 2011. Travelers received the shipment into

---

[2] **The facts set forth in this section are derived from the statements of fact submitted by the parties to the extent they comport with Local Rule 56.1. In considering each motion for summary judgment, they are taken in the light most favorable to the non-movant. In accordance with its regular practice, the court included in this background section only those portions of the statements and responses that are appropriately presented, supported, and relevant to the resolution of these motions. Any facts submitted that are not controverted as required by Rule 56.1 are deemed admitted.** *See* **L.R. 56.1(a);** *see also, e.g.*, **Collins** v. **United States**, **894 F. Supp. 2d 1051, 1055 (N.D. Ill. 2012).**

[3] Schenker is a named defendant in this case and was found to be in default by this court on October 3, 2013. Plaintiffs have not moved for default judgment against Schenker.

2

their custody but never delivered it. Fubon paid Acer under its policy for the loss amount, which totaled $191,000.00 for the lost Cargo. The lost Cargo weighed a total of 9,050 pounds.

## II. The Agreements

The parties disagree as to whether there was a valid agreement between Acer and Schenker ("the Acer-Schenker Agreement") which contained a $2.00 CAD per pound maximum carrier liability clause. It is undisputed that on June 30, 2010, Schenker's agent Bill Barnes issued a new rate schedule to Acer, which contained the $2.00 per pound cap on liability. According to the terms of the schedule, Acer's booking of a shipment constituted acceptance of the agreement. The term of the agreement was purportedly to run from August 20, 2010 to July 31, 2011. The alleged agreement required that any carriers sign off on a separate vendor agreement, which Travelers did according to the terms so as to qualify as a "preferred carrier" for Acer shipments.

Prior to the shipment at issue, Travelers had shipped approximately 10 shipments of Acer goods under an agreement with Schenker. According to Travelers, Schenker was aware that it could pay an additional fee to opt out of the limited liability and chose not to do so. Fubon, however, disagrees with the characterization of the rate schedule as an "agreement." IFubon refers to it as an "unsigned proposed rate increase" (Plaintiffs' Resp. at 1) sent by Schenker to Acer with a "proposed $2.00 per pound liability limitation."

Travelers alleges that Schenker, as intermediary for Acer, agreed to a $2.00 CAD per pound cap. The parties disagree on this point as well. Travelers argues that Schenker acted as Acer's agent in agreeing to limit Travelers' liability. Fubon disputes that this agreement was ever made, and Travelers does not support this assertion with a written agreement, as required by the Carmack Amendment.

3

**ANALYSIS**

Under the Carmack Amendment, a carrier of property in interstate commerce is liable for the "actual loss or injury to the property caused by" the carrier. 49 U.S.C. § 14706(a)(1). Parties are free to negotiate limitations to liability to an agreed value. *Missouri, K. T.R. Co.* v. *Harriman Bros*, 227 U.S. 657, 33 S. Ct. 397, 57 L. Ed. 690 (1913). Indeed, under the Carmack Amendment, a carrier may limit its liability "to a value established by written or electronic declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances." 49 U.S.C. § 14706(c)(1)(a). In order to limit its liability, a carrier must "[1] obtain the shipper's agreement to a choice of liability; [2] give the shipper a reasonable opportunity to choose between two or more levels of liability; and [3] issue a receipt or bill of lading prior to moving the shipment." *Nipponkoa Ins. Co.* v. *Atlas Van Lines, Inc.*, 687 F.3d 780, 782 (7th Cir. 2012) (denying motion for summary judgment because there was a genuine issue of material fact whether the plaintiff was given a reasonable opportunity to choose between multiple levels of liability). The purpose of the Carmack Amendment was to "prevent carrier[s] from effectively insulating themselves from liability." *Technical Prospects LLC* v. *Atlas Van Lines, Inc.*, No. 06-C-0174, 2006 WL 2591296, at *3 (E.D. Wis. Aug. 10, 2006).

Travelers asserts that its liability should be limited because of the $2.00 CAD per pound maximum carrier liability in the Acer-Schenker Agreement and because Schenker, as Acer's intermediary, agreed to limit Travelers' liability to $2.00 CAD per pound. The Carmack Amendment, however, requires evidence that Travelers provided Acer with a reasonable opportunity to choose between multiple levels of liability, that Travelers obtained Acer's written

4

consent to the limited liability, and that Travelers issued a bill of lading prior to shipping the Cargo. There is no evidence that Travelers provided Acer with such a choice, or that Acer agreed in writing to the liability cap. It is uncontested that Travelers did not provide a bill of lading. The fact that Acer chose to procure third party coverage does not sufficiently demonstrate acceptance of the liability cap. Travelers argues that Acer failed to invalidate the liability cap but, in fact, the liability cap was never valid under the Carmack Amendment to begin with. Travelers has not provided a written agreement, as required by the Carmack Amendment, to show that Schenker acquiesced to the limited liability, so the court need not determine whether Schenker had the authority to make such an agreement on Acer's behalf..

## CONCLUSION

For the foregoing reasons, Travelers' motion for summary judgment is denied.

Date: January 12, 2015                    _____
                                          U.S. District Judge Joan H. Lefkow